IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN WHEY PROTEIN,

                Plaintiff,

v.

ROBERT LAWRENCE, JOHN VANDENBRAAK,
JEFFREY WHITT, TODD DUMANSKI, DR.
LAWRENCE LABS, L.L.C. and NEW HORIZON
NUTRACEUTICALS, LLC,

                Defendants.

ORDER

19-cv-667-wmc

---

The court held a telephonic status conference today with plaintiff Wisconsin Whey Protein appearing by its counsel Attorney John Farrell Fay. None of the defendants have entered an appearance. The purpose of the call was to address recently-filed amended pleadings and jurisdictional concerns. The court made rulings on the record and directed plaintiff's counsel, as set forth formally in this order.

IT IS ORDERED that:

1) The second amended pleading (dkt. #9) is STRUCK. If plaintiff seeks to amend its complaint further, it will need to seek written consent from the opposing parties or file for leave of court under Federal Rule of Civil Procedure 15(a)(2).

2) The clerk's office is directed to add New Horizon Nutraceuticals, LLC, as a defendant and issue a summons to plaintiff for that defendant. The clerk's office is directed *not* to add Robert Wiscount as a defendant and *not* to issue a summons for him.

3) Plaintiff's counsel is directed to file promptly proof of service for defendant Todd Dumanski and endeavor to serve the remaining defendants as soon as possible. Once served, plaintiff should file promptly proofs of service for those defendants

as well.[1]

4) In filing any amended complaints, plaintiff's counsel is *again* reminded that:

   a. With respect to a corporation, he must allege *both* the place of incorporation *and* the principle place of business in addition to the state of corporation. *See* 28 U.S.C. § 1332(a)(c).

   b. With respect to a limited liability company, he must identify its members and allege the citizenship of each member. *See Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

   c. With respect to individuals, he must allege where each is "domiciled" rather than just a place of residence. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

Entered this 8th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court notes that during the call, it indicated that plaintiff had 120 days to serve its complaint. Federal Rule of Civil Procedure 4(m), however, provides that "[i]f a defendant is not served within *90 days* after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Emphasis added.) At least with respect to defendant Lawrence, plaintiff may have established good cause for an extension. Nonetheless, given that the complaint was filed August 15, 2019, plaintiff still has until November 13, 2019, to serve the remaining defendants. If plaintiff is not able to meet this deadline, he should seek additional time by a filing a motion.