IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN WHEY PROTEIN,

                      Plaintiff,                           OPINION AND ORDER

v.

                                                                19-cv-667-wmc

ROBERT LAWRENCE, TODD DUMANSKI,
DR. LAWRENCE LABS, L.L.C., and NEW
HORIZON NUTRACEUTICALS, LLC,

                      Defendants.

Plaintiff Wisconsin Whey Protein asserts breach of contract and related tort claims against defendant Robert Lawrence, Todd Dumanski, Dr. Lawrence Labs, L.L.C., and New Horizon Nutraceuticals, LLC, based on defendants' failure to pay for whey protein products. The court held a hearing via Zoom on plaintiff's motion for default judgment (dkt. #53) on June 2, 2021, at which plaintiff appeared by counsel and by a corporate representative. The court had also received notice from defendant Robert Lawrence of his intent to appear at the hearing (dkt. #48), although he did not for purported reasons addressed below.

For the reasons that follow, the court will now grant plaintiff's motion in part, awarding default judgment to plaintiff against defendants New Horizon Nutraceuticals, LLC and Robert Lawrence in the amount of $65,844.48, representing the principal amount of $54,286.65 and prejudgment interest at 5% per annum as allowed under Wis. Stat. § 138.04. The court, however, will deny entry of default judgment against defendants Todd Dumanski and Dr. Lawrence Labs, L.L.C., and will also deny plaintiff's motion to pierce the corporate veil (dkt. #55). The court will also reserve on plaintiff's motion for punitive

damages (dkt. #59) against defendant Robert Lawrence, pending a second hearing as described below.

BACKGROUND

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Plaintiff is a citizen of Wisconsin; defendants Robert Lawrence (he's the one appearing at the hearing) and Todd Dumanski are citizens of California; defendant Dr. Lawrence Labs, LLC's sole member is Lawrence, and, therefore, it is also a citizen of California; defendant New Horizon Nutraceutical, LLC ("NHN") is or was "owned by" Lawrence, Dr. Lawrence Labs LLC and Dumanski, so it too is a citizen of California. In its operative complaint, plaintiff alleges that defendants failed to pay two invoices for whey protein, totaling approximately $55,000. In its complaint, plaintiff also sought punitive damages, forming a basis for concluding that the jurisdiction amount was satisfied.[1]

On January 7, 2020, default was entered against all four defendants. (Dkt. #28.)[2] The court stayed this case pending resolution of a bankruptcy proceeding of an individual named in the original complaint. In its operative pleading, plaintiff asserts the following claims: (1) breach of contract; (2) fraud in the inducement; (3) conversion; (4) unjust enrichment; (5) conversion (repeat); (6) conspiracy to injury plaintiff's business; (7)

---

[1] Plaintiff also attempted to bring claims against a number of defendants, some of whom plaintiff failed to serve, and one of whom was involved in a bankruptcy proceeding.

[2] In his letter to the court requesting to appear at the default judgment hearing, defendant Lawrence hints that he was not properly served with the summons and complaint in this action. (Dkt. #48 at 2.) Having reviewed the affidavit of service (dkt. #22), the court concludes that service was proper under Federal Rule of Civil Procedure 4(e)(2)(B).

tortuous [sic] bad faith breach of contract; (8) tortuous [sic] interference with prospective economic relations; and (9) claims against defendant NHN.  (Am. Compl. (dkt. #17).)  Plaintiff also seeks punitive damages in its operative complaint and also filed a motion for such damages.

OPINION

While "the well-pleaded allegations of the complaint relating to liability are taken as true" for purposes of the court's consideration of a motion for default judgment, facts "relating to the amount of damages suffered must be proved."  *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990); *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)).  In its complaint, plaintiff alleges the following key facts:

- On February 2, 2017, NHN through its manager John Vandenbraak (not a named defendant) purchased $44,799.91 of whey protein products from plaintiff.  The protein was delivered on February 15, 2017.  Payment was due by March 4, 2017.  NHN did not pay the invoice.  (Am. Compl. (dkt. #17) ¶ 11.)  (*See also* Default J. Exs. A-D (dkt. #53-1) 3-6.)  Exhibit C is an invoice for $43,810.28, a little less than the figure in the complaint.

- On March 3, 2017, Vandenbraak generated another invoice for NHN for whey protein products from plaintiff in the amount of $10,476.37.  Plaintiff shipped the product that same day.  Payment was due by April 3, 2017.  NHN did not pay the invoice.  (*Id.* ¶ 12.)  (*See also* Default J. Exs. E-H (dkt. #53-1) 7-10.)

3

- Exhibit G is an invoice for $10,476.37.

- Vandenbraak had the authority to enter into these contracts for sale with plaintiff. (*Id.* ¶¶ 11, 21.) Plaintiff further alleges that Vandenbraak had entered into prior contracts with plaintiff (presumably NHN paid those invoices).

- Plaintiff contacted defendant Lawrence and Vandenbraak via telephone, email, fax and by letter demanding payment. (*Id.* ¶¶ 13-17.)

On this record, the court concludes that plaintiff has met its burden of demonstrating that it is entitled to a default judgment against defendant NHN in the amount of $54,286.65. Moreover, the court will award prejudgment interest at 5% per annum on this sum certain, Wis. Stat. § 138.04, calculated from the respective payments due dates through the date of entry of default judgment, which the court calculates as $11,557.93.

The more difficult question is whether any of the other defendants should be on the hook as well. At the hearing, plaintiff conceded that he is not seeking a default judgment against Todd Dumanski based on information plaintiff obtained during Robert Wiscount's bankruptcy proceeding. Specifically, plaintiff points to evidence that Dumanski left NHN in 2015, and, therefore, was not responsible for the actions alleged in the complaint, occurring in 2017. (Dkt. #52.) With respect to Dr. Lawrence Labs, L.L.C., plaintiff simply alleges that as an owner of NHN, Dr. Lawrence Labs was "knowingly aware" of Robert Lawrence's secret closing of NHN. (*See* Am. Compl. (dkt. #17) ¶ 36.) The court concludes that allegation is not sufficient to form a basis for awarding damages against Dr. Lawrence Labs, L.L.C. As such, the court declines to enter default judgement against these two

4

defendants.

That leaves defendant Robert Lawrence.  In the complaint, plaintiff alleges -- and the court accepts as true -- the following facts:

- Lawrence and Dumanski were owners of NHN.  (*Id.* ¶ 22.)  Lawrence was also the owner of Dr. Lawrence Labs.  (*Id.*)

- Defendant Lawrence "closed" NHN in May or June 2017 without warning to creditors.  (*Id.* ¶ 18; *see also id.* ¶¶ 22-23.)[3]

- Plaintiff previously coordinated with Lawrence on purchase orders from NHN, so he's the "real partner in interest under the two contracts."  (*Id.* ¶ 23.)

- Lawrence knew that he was going to close NHN and not pay the invoices at the time of the purchases.  (*Id.* ¶ 28.)

- Lawrence re-sold plaintiff's whey protein.  (*Id.* ¶ 29.)

- Lawrence refused to respond to plaintiff's demands.  (*Id.* ¶ 30.)

Plaintiff also points to information from Wiscount's and Vandenbraak's affidavits submitted in the prior lawsuit involving similar parties, which the court dismissed for lack of subject matter jurisdiction, that Lawrence "was solely responsible for maintaining the books and records of NHN and was solely responsible for all accounts payable of NHN." (Pl.'s Br. (dkt. #53) 2.)  Plaintiff also points to Lawrence's prior statements that he was not aware of these invoices as being contradicted by plaintiff's records showing that the

---

[3] Plaintiff further alleges that "[r]ecent discovery revealed that Defendant Lawrence has accused another person of intentionally breaching the two contracts with the intent of then selling the whey products and keeping the profits from the sales."  (*Id.* ¶ 19.)

invoices were sent to Lawrence via email.  (*Id.* at 6 (citing Default J. Exs. J, K (dkt. #53-1) 12-13).)

In addition, as indicated above, plaintiff recently filed a motion to pierce the corporate veil between Lawrence and the two LLC defendants, but plaintiff does not allege any piercing of the corporate veil theory or claim in its operative pleading.  Accordingly, the court declines to take up this claim as part of the default judgment entered in the present case.  Nonetheless, because plaintiff alleges that Lawrence acting on his own behalf intended to close NHN, fraudulently induced plaintiff to fulfill NHN's last two invoices, then refused to pay plaintiff's invoices and unlawfully converted plaintiff's whey protein products for his own benefit, the court concludes that plaintiff has met its burden of awarding the same contract damages against Lawrence as awarded against NHN.

Plaintiff also seeks punitive damages against Lawrence based on these same allegations.  In light of plaintiff's fraud and conversion allegations, the court is inclined to grant an award against Lawrence in the same amount as the damages (i.e., a total award against Lawrence of double the contract damages).  As noted above, despite requesting to participate in the default judgment hearing and accepting the court's Zoom invite, Lawrence did not attend.  The day after the hearing, the court received a letter from him explaining that he missed the hearing due to a medical issue and attached a note from his physician. (Dkt. #63.)  Although the physician was unable to corroborate this excuse fully, the court is unable to conceive how his presence would change the outcome, since he has had 520 days to dispute entry of default and 18 months to appear and his liability is, therefore, already a given, except perhaps as to an award of punitive damages.

Accordingly, before entering an award of punitive damages against Lawrence, the court will schedule a second hearing to provide him one *last* opportunity to challenge plaintiff's evidence in support of an award of punitive damages.

ORDER

IT IS ORDERED that:

1) Plaintiff Wisconsin Whey's motion for default judgment (dkt. #53) is GRANTED IN PART, DENIED IN PART AND RESERVED IN PART. Plaintiff is awarded default judgment against defendants New Horizon Nutraceuticals, LLC, and Robert Lawrence in the amount of $65,844.48, jointly and severally. The motion is denied as to any award of damages against defendants Todd Dumanski and Dr. Lawrence Labs, LLC. The motion is reserved as to any claim of punitive damages against defendant Robert Lawrence.

2) Plaintiff's motion to pierce the corporate veil (dkt. #55) is DENIED.

3) Plaintiff's motion for punitive damages against Robert Lawrence (dkt. #59) is RESERVED.

4) The court will hold a hearing via Zoom on this remaining issue as to an award of punitive damages on June 18, 2021, at 1:00 p.m.

Entered this 10th day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge