IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN WHEY PROTEIN,

                              Plaintiff,                    OPINION AND ORDER

        v.                                                  19-cv-667-wmc

ROBERT LAWRENCE, TODD DUMANSKI,
DR. LAWRENCE LABS, L.L.C., and NEW
HORIZON NUTRACEUTICALS, LLC,

                              Defendants.

---

On June 21, 2021, the court entered default judgment against defendants New

Horizon Nutraceuticals, LLC, and Robert Lawrence in the amount of $65,844.48. (Dkt.

#69.) Judgment was entered after a hearing at which Robert Lawrence appeared *pro se* and

provided testimony and argument. Based on his appearance and testimony, the court

declined to award punitive damages. (Dkt. #68.) Almost two months after the entry of

judgment against Lawrence, however, he retained counsel for the first time (dkt. #72), who

has now moved to vacate the default judgment on the basis that Lawrence was never

properly served with the summons and complaint, and, as a result, the court lacked

personal jurisdiction over him, rendering the judgment void. (Dkt. #73.) Because the

court has already considered and rejected Lawrence's objection to service twice before, and

he offers nothing new this time as well, the court will deny Lawrence's motion to vacate

the judgment.[1]

---

[1] Remarkably, in addition to this motion, plaintiff's counsel, Attorney John Fay, also filed a "notice of termination of counsel," indicating that he has been dismissed as plaintiff's counsel. (Dkt. #79.) The court will treat this odd notice as a motion to withdraw, which the court will grant. Given that final judgment has already been entered in this case, the case has been closed, and the court will decline defendant Lawrence's request to reopen, that motion is largely unnecessary. Of course, if

BACKGROUND

In this civil lawsuit, plaintiff Wisconsin Whey Protein asserted various state law claims against defendants relating to their failure to pay for whey protein products. Material to the present motion, on January 7, 2020, default was entered against defendant Robert Lawrence. (Dkt. #28.) The court, however, delayed any default judgment hearing pending resolution of a bankruptcy proceeding that may have been material to plaintiff's claims. Finally, on March 16, 2021, after receiving notice from plaintiff of the completion of the bankruptcy proceeding, the court directed plaintiff to file its default judgment materials and set a hearing. (Dkt. #42.)

That court notice setting a default judgment hearing also apparently prompted defendant Robert Lawrence to call the court on April 6, 2021, to report that he would like to participate. Lawrence also indicated that he planned to send a letter to the court, which he proceeded to do. (Dkt. #48.) In the letter, Lawrence principally disputed any involvement in the parties' underlying dispute, as well as personal responsibility for any damages plaintiff may claim. Material to the present motion, Lawrence also stated:

> Further and according to my research of the latest matters of this case, Wisconsin Whey makes claim to me being served whereby someone at my home accepted service and stated I was in New York. They claim to have an affidavit to this effect. It never happened and I was never served at that time. What I am currently in receipt of, is a letter from your court.

(Dkt. #48 at 2.)

---

defendant Lawrence appeals the court's denial of his Rule 60 motion, plaintiff may need to retain new counsel to represent it on appeal. In that event, Attorney Fay is directed to take all reasonable steps to arrange the orderly transfer of plaintiff's representation consistent with all applicable ethical rules, including the orderly transfer of all appropriate files.

On June 2, 2021, the court held a hearing via Zoom on plaintiff's motion for default judgment (dkt. #53), at which plaintiff Wisconsin Whey appeared by counsel and by corporate representative.  While Lawrence did not attend, the court received a letter from him the next day explaining that he missed the hearing due to a medical issue and attached a note from his physician.  (Dkt. #63.)  On June 10, 2021, the court issued an order explaining its reasoning for awarding plaintiff default judgment against defendants Lawrence and New Horizon Nutraceuticals, LLC, in the amount of $65,844.48, but reserving on whether to award punitive damages against Lawrence and setting a hearing on this remaining issue.  (Dkt. #65.)  In that order, the court also addressed the objection Lawrence had raised about service, explaining:

> In his letter to the court requesting to appear at the default judgment hearing, defendant Lawrence hints that he was not properly served with the summons and complaint in this action.  (Dkt. #48 at 2.)  Having reviewed the affidavit of service (dkt. #22), the court concludes that service was proper under Federal Rule of Civil Procedure 4(e)(2)(B).

(*Id.* at 2 n.2.)

The court held a second hearing by videoconference on June 18, 2021, at which Lawrence did appear.  In addition to crediting Lawrence's testimony at that hearing with respect to plaintiff's request for punitive damages, the court again addressed his concern about service.  Specifically, Lawrence had testified, "The reason for my nonappearance is I was not served.  I don't know who -- they told me some Ma Mai or something like that -- I don't know who that is."  (6/18/21 Hr'g Tr. (dkt. #71) 3.)  The court then reviewed the affidavit of service with defendant, confirming that the residence where the summons and complaint was purportedly left with someone named Ma Mai Doe was in fact Lawrence's

3

residence.  (*Id.* at 5; *see also* Proof of Service (dkt. #28).)  The court then explained:

> Someone who was an Asian female, about 40 years old, brown hair, 5'2", 125 pounds, apparently accepted the service, and you're right, they identified them as Ma Mai Doe.  I don't know if that's an accurate name.  It's not an accurate name, it doesn't change the value of the enforceability of the service. As long as it was on your home and the person appeared to be someone of suitable age and discretion, that's service.

(*Id.*)  Lawrence responded, "I understand."  (*Id.*)


OPINION

Invoking Federal Rules of Civil Procedure 55(c) and 60, defendant Robert Lawrence now seeks to reopen this case and vacate the final judgment for improper service and lack of jurisdiction.  Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  In turn, Rule 60(b) offers relief if a final "judgment is void," among other reasons. Fed. R. Civ. P. 60(b)(4).  As the Seventh Circuit explained in *Central Laborers' Pension, Welfare & Annuity Funds v. Griffee*, 198 F.3d 642 (1999), "[a] judgment is void if the court issuing it does not have jurisdiction over the defendant, and it does not if the defendant is not served, unless he waives service or make an appearance in the case without reserving an objection to jurisdiction."  *Id.* at 645 (internal citations omitted).

Here, however, Lawrence already raised two challenges to service *before* the court's entry of judgment.  Not only was his objection heard, but the court rejected it, instead concluding that the affidavit proving service satisfied Rule 4.  (6/10/21 Order (dkt. #65) 2 n.2; 6/18/21 Hr'g Tr. (dkt. #71) 3-5.)  Specifically, the process server, identified as Hope Peck, completed a Proof of Service, indicating that she left the summons at Lawrence's

residence with "Ma Mai Doe, Occupant, As[ia]n Female 40 br[ow]n hair br[ow]n eyes 5'2 125 [lbs.], a person of suitable age and discretion who reside there, on (date) 11/102019," as well as noting the actual address were the summons was left in Torrance, California. (Dkt. #28 at 3.)   The process server also indicated that she "mailed copies to the defendants and the address where served on 11/18/19 from Los Angeles, California." (*Id.*) Peck then completed a declaration of due diligence, noting *thirteen*, earlier attempts at service *before* the ultimate, November 10, 2019, "substitute" service.   The process server also specifically noted that during several of those attempts, lights were on in the residence or she could hear voices and shapes through the residence's glass brick windows, and still no one would answer the door.  (*Id.* at 2.)   The process server further noted that she had "previously served him personally about May 2018 with the initial complaint and had a really tough time with that service as well." (*Id.*)   Finally, with respect to the November 10, 2019, service, the process server noted -- consistent with the Proof of Service -- that at 12:40 p.m., she "subserved the documents to Ma Mai, Occupant.  She said he was in New York and didn't know when he would return.  I informed her as to the nature of the documents and thus subserved them to her." (*Id.*)

Rule 4(e) permits service on an individual by following the law "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  As indicated on the Proof of Service prepared by the process server, she relied on California law in serving Lawrence.  California Civil Procedure Code § 415.10, which defendant attached to his brief, provides in pertinent part that

> If a copy of the summons and complaint cannot with
> reasonable diligence be personally delivered to the person to be

> served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling, . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business or usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons an complaint by first class mail.

(*See also* dkt. #78 at 7.)

Here, the process server averred that she left the summons and complaint with Ma Mai Doe, who she identifies as an occupant of the house -- and under California law, she need not be a resident -- and that Ma Mai Doe is over the age of 18, that she informed her of the contents, and also mailed the same to Lawrence's residence.  This plainly satisfies the requirements of service under California law, and, thus, satisfies Rule 4.  In addition, while Lawrence raised a concern about service of process in his *pro se* letter to the court and during the July 18, 2021, video hearing, it is not clear that he preserved that objection, especially in light of his exchange with the court where he indicated that he understood that the proof of service described proper service.  *See Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 856 (7th Cir. 2011) (explaining that for a defendant challenging service of process, "[b]y appearing, however, the defendant in essence agrees that the forum court has jurisdiction to decide its jurisdiction, and the defendant will be subject to discovery, as well as any orders issued during the course of the litigation").

In his motion to vacate the judgment and supporting materials, Lawrence and his wife Macy Lawrence both aver that they were the only residents of the Torrance, California residence on November 10, 2019; they did not have a housekeeper or anyone else that had access to their home; and that both were at their place of employment, Dr. Lawrence Labs,

during the time the process server provided service.  (R. Lawrence Aff. (dkt. #76) ¶¶ 6-7, 16; M. Lawrence (dkt. #77) ¶¶ 7-8, 16.)[2]  Consistent with their testimony and some supporting materials showing that they were both at the lab on November 10, 2019, from approximately 10:30 am to 2:00 pm, both also aver that Robert Lawrence was *not* in New York on that date.  (R. Lawrence Aff. (dkt. #76) ¶¶ 13-14; M. Lawrence (dkt. #77) ¶ 14; M. Lawrence Aff, Ex. 1 (dkt. #77-1) (time log).)   In his affidavit, consistent with his original *pro se* filing, Lawrence also again avers that "I did not receive any documents from a process server on November 10, 2019."  (R. Lawrence Aff. (dkt. #76) ¶ 17; Lawrence Ltr. (dkt. #48) ("I was never served at that time.").)

However, none of this is *new* evidence; Lawrence could have presented all of this evidence earlier and chose not to do so.  Moreover, to the extent Lawrence believes that the court erred in overruling his objection to service, Rule 60(b) is not the proper vehicle for such relief.  "The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal. For example, the judgment might be void because the defendant had never been made aware of it and so had no opportunity to challenge it by means of a direct appeal."  *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *see also Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." (internal quotation marks omitted) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997)).

---

[2] Lawrence also submits a new declaration of one of his colleagues, who also avers that he was at Dr. Lawrence Labs, LLC, both on November 10, 2019, and during the pertinent period and that he also signed the business time records indicating such.  (Ramon Rodriguez Aff. (dkt. #75).)

Although this alone is ample grounds to deny defendant's current motion, Lawrence also waited over four months from first raising his objection and almost two months after entry of judgment to retain counsel and seek to vacate the judgment. While Rule 60 permits motions outside of the 28-day period contemplated under Rule 59, relief from a default judgment under Rule 60(b) is limited to cases where the moving party takes "quick action to correct the default." *Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993)). Nothing could be further from the truth here.

Finally, the record does not support a finding that Lawrence lacked notice of this lawsuit. In addition to serving the summons on an apparent occupant of his residence, the process server also mailed it to his residence, which was the same address that this court used to mail him notices he acknowledges receiving. Notably, even now, Lawrence has never denied receiving the mailed copy of the summons and complaint; instead, as in his original letter to the court and in his affidavit, he simply avers that he did not receive the summons and complaint or other materials *from the process server on November 10, 2019*, or that he was not *served at that time*. (R. Lawrence Aff. (dkt. #76) ¶ 17; Lawrence Ltr. (dkt. #48) ("I was never served at that time.").) Added to the process server's undisputed, multiple attempts to serve Lawrence, including her notes indicating that individuals were presents for a number of these attempts, and yet ignored her repeated knocks, the mailing of the summons and complaint to Lawrence's place of residence, as well as physically leaving it there, compels a finding that service was reasonable, if not perfect. *See Swaim*, 73 F.3d at 721 (7th Cir. 1996) (courts are required to "examine the entire record of

8

attempted service to determine whether that service was sufficient" and that attempts to willfully avoid service are part of the analysis); *see also id.* at 720-21 (explaining that due process concerns whether "service of process is reasonably calculated both to apprise a party of the pendency of the action and to provide it with an opportunity to respond," and noting that it may be "sufficient even if it fails to actually inform the party to which it is directed").[3]

For all of these reasons, the court must deny defendant's motion for relief from the default judgment.

## ORDER

IT IS ORDERED that:

1) Defendant Robert Lawrence's motion to vacate default judgment (dkt. #73) is DENIED.

2) Plaintiff Wisconsin Whey Protein's notice of termination of counsel (dkt. #79), which the court will treat as a motion by Attorney John Fay to withdraw as counsel, is GRANTED under the conditions set forth above.

3) Defendant Lawrence's motion for hearing (dkt. #83) is DENIED AS MOOT.

Entered this 25th of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] *Swaim* considered the standard under Indiana law, but the court notes that California courts similarly require "substantial compliance" with the service of process laws. *E.g.*, *Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 391, 131 Cal. Rptr. 3d 99, 104 (2011)