IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN WHEY PROTEIN,

                Plaintiff,                          ORDER

    v.

                                                19-cv-667-wmc

ROBERT LAWRENCE, TODD DUMANSKI,
DR. LAWRENCE LABS, L.L.C., and NEW
HORIZON NUTRACEUTICALS, LLC,

                Defendants.

        In this civil lawsuit, plaintiff Wisconsin Whey Protein asserted various state law claims against defendants relating to their failure to pay for whey protein products. On June 21, 2021, the court entered default judgment against defendants New Horizon Nutraceuticals, LLC, and Robert Lawrence in the amount of $65,844.48. (Dkt. #69.) Plaintiff apparently took no steps to collect the judgment until summer 2023, when plaintiff's counsel was again retained to obtain information about defendant Lawrence's assets.

        On September 5, 2023, plaintiff's counsel served deposition notices (both by email and USPS at a Torrance, CA address) on Lawrence and New Horizon Nutraceuticals. Lawrence did not appear and counsel's further attempts to contact plaintiff or schedule a deposition have been unsuccessful. Specifically, although counsel was able to reach Lawrence by phone in October 2023, Lawrence told counsel that he would not speak to him and he has since blocked all contact from plaintiff and the court.

        Plaintiff has now turned to this court for assistance in enforcing its judgment, filing several motions for sanctions and post-judgment discovery assistance. (Dkt. ##99, 100,

104, 106, 112.) The court held a hearing on plaintiff's motions on March 19, 2024, at which plaintiff appeared telephonically by counsel and defendants again chose not to appear. As discussed at the hearing, the court has authority to execute its judgment under Federal Rule of Civil Procedure 69, including the authority to compel discovery and issue orders requiring judgment debtors to cooperate with collection efforts. *See also See Bank of Am., N.A. v. Veluchamy*, 643 F.3d 185, 188 (7th Cir. 2011); *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 661 (7th Cir. 2009). Because defendant Lawrence has provided no justification for his failure to appear at his properly-noticed deposition or otherwise participate in post-judgment discovery or in today's hearing, the court will require him to show cause why he should not be held in civil contempt and be subjected to a monetary sanction for his behavior.

ORDER

IT IS ORDERED that:

1) Plaintiff Wisconsin Whey Protein's motions for sanctions and court assistance (dkt. ##99, 100, 104, 106, 112) are GRANTED IN PART as set forth below.

2) Defendant Robert Lawrence's may have until April 5, 2024, to submit a sworn declaration explaining why he should not be held in civil contempt and subject to further monetary and other sanctions for his failure to appear at his noticed, supplemental deposition and refusal to cooperate with plaintiff's attempts to enforce its judgment.

Entered this 19th of March, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge